IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JENNIFER R., <br><br> Plaintiff, <br> v. <br><br> NANCY A. BERRYHILL, Acting Commissioner of Social Security, <br><br> Defendant. | Case No. 17-CV-9114 <br><br> Magistrate Judge Sunil R. Harjani |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff filed this action to determine whether she has been fully paid her Social Security benefits. Initially, Plaintiff filed her Complaint *pro se* and alleged that the "decision of the defendant regarding amount due under the Social Security act is not supported by substantial evidence" and requested the ALJ's decision be "reviewed and set aside . . . ." Doc. [1] at 1. Then Plaintiff retained counsel and alleged an *underpayment*[1] of $779.00 by way of a Response to Defendant's Motion for More Definite Statement. Doc. [30] at 4. Thereafter, following a dispute over case strategy that led to her counsel's withdrawal, Plaintiff filed a Supplemental Response to Defendant's Motion for More Definite Statement to allege a $38,469.50 underpayment. Docs. [25], [29], and [31] at 2. The Court considers Plaintiff's Supplemental Response to be an amendment to her Complaint. Doc. [35]. For the reasons set forth below, the decision of the ALJ is reversed pursuant to sentence four of 42 U.S.C. § 405(g) and remanded for further proceedings consistent with this Order.

---

[1] The Social Security Administration's definition of underpayment "is the difference between the amount paid to the beneficiary and the amount of the payment to which the beneficiary was actually entitled." 20 C.F.R. § 404.504.

**Background**

This Social Security Administration appeal involves the SSA's Notice of Award letters, Notice of Reconsideration letters, and an unusual procedural posture. *See* R. 702 – 710 (Notice of Award letters); *see also* R. 713 – 716 (Notice of Reconsideration). For clarity, the Court notes that the above-captioned case presents Plaintiff's second appeal of a SSA decision to federal court. The first appeal involved an application for disability insurance benefits ("2004 Application"). The 2004 Application was initially denied by an ALJ, R. 30, and affirmed by the District Court in *Richards v. Astrue*, No. 08-cv-972, 2009 WL 10700447 (N.D. Ill. 2009). The Seventh Circuit vacated the District Court's judgment and remanded the case to the ALJ for further evaluation consistent with its order. *Richards v. Astrue*, 370 Fed. Appx. 727, 733 (2010). On remand, the ALJ ruled favorably for Plaintiff and found her disabled. R. 455. While the 2004 Application was pending, Plaintiff filed another application for benefits in December 2007 ("2007 Application"). Plaintiff was first determined to be eligible for benefits starting in January 2008. R. 702. But following additional hearings, the initial eligibility date was revised to reflect a disability onset date of September 2004. R. 455; R. 705. To effectuate the revised disability onset date, the SSA sent a Notice of Award letter to Plaintiff in August 2012. R. 705. This letter stated that the first month of her benefits would be March 2005, due to a five-month period of delay. R. 705. The Notice of Award further stated that "[t]he amount you actually receive may differ from your full benefit amount. When we figure how much to pay you, we must deduct certain amounts, such as Medicare premiums and worker's compensation offset." R. 705. That letter explained how a "recalculation was done of [Plaintiff's] benefits" and that the "[t]otal payable is $55,784.50." R. 706. Plaintiff sought reconsideration of the Notice of Award and so the SSA issued a Notice of Reconsideration letter to Plaintiff on January 16, 2013. R. 713. The Notice of Reconsideration letter stated that Plaintiff was paid all the benefits entitled to her. R. 716. Then Plaintiff appealed

the Notice of Reconsideration to an ALJ. R. 717. In her request for a hearing by an ALJ, Plaintiff explained that she disagreed with the determination because "[t]he amount of my back payment [was] incorrect, I did not get all of the money[ ] that [was] due to me." R. 717. The question of whether Plaintiff was paid all the benefits entitled to her has yielded two ALJ decisions signed on February 20, 2014 and February 4, 2016. R. 751; R. 786. The February 20, 2014 decision was deemed supported by the evidence by the Appeals Council, but it was remanded on the technicality that the hearing's tape recording could not be located. R. 786-87. On remand for having misplaced the hearing's tape recording, the ALJ again concluded that Plaintiff had been paid the appropriate amount. R. 442. Plaintiff then again appealed the ALJ's decision to the Appeals Council. The Appeals Council denied review, leaving the ALJ's decision as the final decision of the SSA, reviewable by this Court pursuant to 523 U.S.C. § 405(g). R. 430; R. 435.

**Standard of Review**

Under the Social Security Act, "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record." *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Substantial evidence means "relevant evidence as a reasonable mind might accept as adequate to support [the ALJ's] conclusion." *Id.*

**Discussion**

Both parties agree that Plaintiff was entitled to a total of $55,784.00 in benefits from March 2005 through July 2012.[2] Doc. [38] at 5; Doc. [31] at ¶¶ 4-5. Plaintiff contends that she only

---

[2] The Court notes that certain documents in this matter reflect a total of $58,848.50 rather than $55,784.50. The Court understands this difference to be whether the relevant document calculated benefits payable through November 2012 versus July 2012. *Compare* Notice of Award Letter, R. 706 *with* Reconsideration Letter, R. 716. The Court's review applies the $55,784.50 total as it is the amount alleged at issue in Plaintiff's amended complaint and Defendant's briefing. Doc. [31] at 1; Doc. [38] at 5.

3

received $17,315.50 of the total $55,784.50, leaving a balance owed of $38,469.00. Doc. [31] at ¶ 5. Defendant argues that the record shows Plaintiff did receive total payment from the SSA of $55,784.50. R. [38] at 5. Specifically, Defendant's position is that Plaintiff received the difference between $55,784.50 and $17,315.50 – that is $38,469.00 – by way of back benefits paid to Plaintiff through monthly payments. Doc. [38] at 5. In short, the inquiry for this Court is whether the ALJ's finding that a total of $55,784.00 in Social Security benefits was paid to Plaintiff for the period between March 2005 and July 2012 is supported by substantial evidence in the record.

First, the Court notes that the SSA's letters to Plaintiff could have be written with more precision. Critically, the SSA's August 2012 Notice of Award is imprecise as to whether the sentence "[t]otal payable is $55,784.50" means the amount to be paid to Plaintiff following the letter or the total amount of Social Security benefits owed to Plaintiff from her March 2005 eligibility date through the date of the Notice of Award letter. R. 706. In pertinent part, the August 2012 Notice of Award informed Plaintiff that:

```
A recalculation was done of your benefits and we have determine
that you have been correctly paid.

you Received                     you Should Have Raccived

$ 6,166.00   03/2005 - 11/2008   $30,187.00   03/2005 - 11/2008

$ 8,712.00   12/2008 - 11/2009   $ 8,868.00   12/2008 - 11/2009

$ 8,712.00   12/2009 - 11/2010   $ 8,868.00   12/2009 - 11/2010

$26,066.50   12/2010 - 11/2011   $ 8,868.00   12/2010 - 11/2011

$ 6,128.00   12/2011 - 07/2012   $ 6,128.00   12/2011 - 07/2012


Total paid includes $5754.50 Attorney fee and Supplemental
Security Income (SSI) of $1,380.00. Total is $62,919.00.
Minus these amounts, total is $55,784.50. Total payable is
$55,784.50.
```

R. 706. The above quoted portion of the August 2012 Notice of Award letter's purpose was to analyze whether the total benefits *paid* to Plaintiff between the date of eligibility and the date of the letter was correct. The letter shows a calculation of the annual benefits Plaintiff received with the amount she should have received. *Id.* Therefore, considering this section in context, the last

4

sentence "[t]otal payable is $55,784.50" means the total Social Security benefits payable between the March 2005 eligibility date and the date of the Notice of Award letter (August 2012). It is likely that this award letter has caused some confusion in this case to the Plaintiff.

Nevertheless, the Court reviews the ALJ's decision to determine if it is supported by substantial evidence. Here, the ALJ's decisions rarely cited documents in the record. R. 749-51 (no cites to the record). Rather, the ALJ made a number of broad and conclusory statements in its decision, such as:

> After a review of the record, it is determined that in August of 2011, the claimant was paid $17,315.50, the difference for the earlier onset date. Her total benefits for 2011 were $31,821.00 (direct payment to her of $26,066.50; and $5,754.50 for attorney fees). From the amount payable, $1,380.00 was also withheld for [SSI] payments. Therefore, after deductions for the attorney fee of $5,754.40, and SSI payments $1,380.00, the claimant was paid $58,848.50 over the years.

R. 750 (February 20, 2014 ALJ decision). The February 2016 decision is similarly conclusory: "as set forth in the prior ALJ decision, the claimant has received back benefits through monthly payments and the $17,315.50 payment that total the full net back benefit of $58,848.50." R. 444 (February 4, 2016 ALJ decision). When the ALJ did refer to the record, it did not specify what the evidence stated and how the record supported the ultimate decision. For example, the Court notes that although the ALJ referenced a series of bank statements from the claimant showing payments made, those statements only show a portion of the amount paid and not the entire amount calculated by the SSA. R. 442-44.

In the Court's view, a plain reading of the ALJ's decision reveals that the ALJ merely adopted the SSA's conclusory statements contained in the Notice of Award and Notice of Reconsideration letters that told Plaintiff that she received the payments that she was entitled to receive. R. 706; R. 716. However, instead of relying on these letters and vague references to bank

statements and SSA documents in the record, the ALJ should have identified the evidence in the record that supported its decision. A reviewing court, such as this one, should not have to guess as to how the ALJ reached its decision. Nor should this Court have to sift through the record looking for clues as to how the ALJ determined that Plaintiff had been fully paid her disability benefits. While it might be that the ALJ and the SSA are ultimately right in their conclusion, the Court cannot abdicate its responsibility to apply its standard of review. "Substantial evidence" must mean what it says.

The ALJ should have relied on documentary evidence to make a showing that its decision was based on substantial evidence in the record and identified it in its decision. Such evidence could include, but is not limited to, cashed checks and bank statements showing payments made, affidavits, or other Social Security documents that provide detail and support about the represented payments that were made to Plaintiff. On remand, the ALJ should also permit the parties to submit further documents in support of their respective positions on the issue of payments from the SSA to Plaintiff. At this time, the Court finds that the ALJ's decision is not supported by substantial evidence.

### Conclusion

For the above reasons, this Court reverses this case pursuant to sentence four of 42 U.S.C. § 405(g) and remands this case for further proceedings consistent with this Order. Defendant's Motion for Summary Judgment [37] is denied.

**SO ORDERED.**

**Dated: April 15, 2019**

_____
**Sunil R. Harjani**
**United States Magistrate Judge**